# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEVELAND HUGHES | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-11-341 |
| WARDEN | * | |
| Respondent | * | |

## **MEMORANDUM**

The above-captioned case, filed February 7, 2011, is a successive Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254. ECF No. 1. Petitioner asserts as grounds for relief that there was no evidence produced to establish his guilt of first degree rape in the Circuit Court for Montgomery County, 29 years ago. Id. The instant petition is successive. See Hughes v. Smith, Civil Action No. N-92-2738, Docket No. 13 (D. Md. 1993) (dismissing petition for writ of habeas corpus on its merits).

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3); Felker v. Turpin, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending application is successive, therefore, before this Court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an Order authorizing the Court to do so. See 28 U.S.C. § 2244(b)(3)(A); see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order. The procedural requirements are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must obtain authorization from the Fourth Circuit before this Court may examine his claims. Accordingly, by separate Order which follows, the Petition shall be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). A certificate of appealability shall, therefore, be denied.

March 7, 2011                                    /s/
                                                 _____
                                                 Benson Everett Legg
                                                 United States District Judge